UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TERRY MICHAEL LEEPER AND BONNIE T. LEEPER | CIVIL ACTION NO. 6:12-cv-00089 |
| VERSUS | JUDGE HAIK |
| CONNECTICUT VALLEY ARMS, INC., D.C. 1980, INC. AND BLACKPOWDER PRODUCTS, INC., DIKAR S. COOP, LTDA, BROWNING INTERNATIONAL S.A., AND THE SPORTSMAN'S GUIDE, INC. | MAGISTRATE JUDGE HANNA |

## *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

In their complaint, the plaintiffs allege that this Court has jurisdiction, under 28 U.S.C. § 1332, because the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. The undersigned reviewed the pleadings and determined that an amount in controversy exceeding the jurisdictional threshold is facially apparent. The plaintiffs allege that Mr. Leeper was injured when a gun misfired, and they claim that he sustained facial injuries and that he is now legally blind in one eye. This is sufficient to satisfy the requirement regarding the amount in controversy.

With regard to the diversity of citizenship, however, the plaintiffs' allegations are insufficient. When jurisdiction is based on diversity, the citizenship of the parties

must be distinctly and affirmatively alleged.[1] The plaintiffs allege that they are residents of Louisiana. This is insufficient to establish their citizenship, since the citizenship of a natural person is determined by the state in which the person is domiciled, and domicile is a combination of both a person's residence and his intent to remain there permanently.[2] Therefore, "an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state."[3] Evidence of a person's place of residence, however, is *prima facie* proof of his domicile.[4] For that reason, the undersigned will accept that the plaintiffs are Louisiana citizens if there is no objection from the defendants.

Six defendants were named in the complaint, two of which have been dismissed. That fact that two defendants have been dismissed is immaterial, since "[t]he district court is required to determine whether there is complete diversity only at the time the plaintiffs bring a suit or when the defendants remove a case to federal court."[5] Therefore, the citizenship of the dismissed defendants must be considered.

---

[1] *Mullins v. Testamerica Inc.*, 300 Fed. App'x 259, 259 (5th Cir. 2008).

[2] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[3] *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir. 1971).

[4] *Hollinger*, 654 F.3d at 571.

[5] *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007).

Furthermore, under 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of any state in which it is incorporated and any state where it has its principal place of business. Therefore, a party invoking diversity jurisdiction must allege both the state of incorporation and the principal place of business of each corporate party.[6] In their complaint, however, the plaintiffs alleged the principal place of business of each defendant but did not allege the states of incorporation.

Also, one of the defendants is alleged to have its principal place of business in Spain, but the plaintiffs do not allege that it is a Spanish corporation. A corporation incorporated in a foreign nation is a citizen of that nation for purposes of diversity jurisdiction.[7]

Because the plaintiffs have not alleged the states and/or countries in which the defendant corporations were organized, the undersigned cannot determine whether the parties are diverse in citizenship.

---

[6] *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983).

[7] *Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 544 n. 12 (5th Cir. 1997), citing *National S.S. Co. v. Tugman*, 106 U.S. 118, 1 S.Ct. 58, 27 L.Ed. 87 (1882), and *Panalpina Welttransport GmBh v. Geosource, Inc.*, 764 F.2d 352 (5th Cir. 1985).

The party invoking subject matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[8] In this case, the plaintiffs must bear that burden. Accordingly,

IT IS ORDERED that, not later than twenty-one days after the date of this order, the plaintiffs shall file a memorandum setting forth specific facts that support a finding that the parties are diverse in citizenship. These facts should be supported with summary-judgment-type evidence. The defendants will then be allowed seven days to respond to the removing defendants' submission.

Signed at Lafayette, Louisiana, this 27th day of October 2012.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[8] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).